# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REX CHAPPELL,<br><br>            Plaintiff,<br><br>     v.<br><br>A. K. SCRIBNER, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. CV-F-04-5876 OWW DLB P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S IN FORMA PAUPERIS STATUS BE REVOKED AND PLAINTIFF BE ORDERED TO PAY THE $150.00 FILING FEE WITHIN THIRTY DAYS<br><br>(Doc. 3) |

   Plaintiff Rex Chappell ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 22, 2004, and was granted leave to proceed in forma pauperis on July 12, 2004. Research of the actions filed by plaintiff reveals that plaintiff is not entitled to proceed in forma pauperis. Accordingly, as set forth below, the court recommends that plaintiff's in forma pauperis status be revoked, and plaintiff be ordered to pay the $150.00 filing fee in full within thirty days. If plaintiff fails to pay the $150.00 filing fee within thirty days, this action should be dismissed.

   28 U.S.C. § 1915 provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." A review of the record of actions filed by plaintiff reveals that plaintiff filed three or more actions that were dismissed as frivolous, as

1  malicious, or for failing to state a claim upon which relief may be granted.[1]  Thus, plaintiff is subject
2  to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless plaintiff was, at
3  the time the complaint was filed, under imminent danger of serious physical injury.  The court has
4  reviewed plaintiff's complaint and finds that plaintiff has alleged no facts that support a finding that
5  he was under imminent danger of serious physical injury.  Thus, plaintiff may not proceed in forma
6  pauperis in this action.  Inasmuch as plaintiff was granted leave to proceed in forma pauperis in error,
7  plaintiff's in forma pauperis action should be revoked and plaintiff should be ordered to pay the
8  $150.00 filing fee in full within thirty days.[2]  If plaintiff fails to pay the filing fee in full, this action
9  should be dismissed without prejudice.

   Accordingly, based on the foregoing, the court HEREBY RECOMMENDS that:

   1.  Pursuant to 28 U.S.C. § 1915(g), plaintiff's in forma pauperis status be revoked;

   2.  Plaintiff be ordered to pay the $150.00 filing fee in full within thirty (30) days; and

   3.  This action be dismissed without prejudice if plaintiff fails to pay the filing fee in full
       within thirty days.

   These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

///
///
///

---

[1] To date, plaintiff has filed sixteen cases in this district.  Chappell v. Reed CV-S-02-1706 GEB JFM P was dismissed for failure to state any claims under federal law on January 22, 2003, and Chappell v. McCargar CV-S-02-2299 GEB KJM P was dismissed for failure to state any claims under federal law on July 2, 2003.  In addition, Chappell v. Gomez 94-CV-1520 (N.D.Cal.) was dismissed as duplicative or lacking in factual legal basis on July 14, 1994.  Accordingly, plaintiff has been subject to section 1915(g) since July 2, 2003.

[2] To date, plaintiff has not paid any portion of the $150.00 filing fee for this action.

2

1 specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
2 1153 (9th Cir. 1991).
3     IT IS SO ORDERED.
4     **Dated:   March 10, 2006**           **/s/ Dennis L. Beck**
                                             UNITED STATES MAGISTRATE JUDGE
  3b142a

3